Eric **BEGIN**

v.

Mary Jane **RISBARA, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 17, 1991.

Decided April 9, 1991.

Neal L. Weinstein (orally), Old Orchard Beach, for plaintiff.

Lee H. Bals (orally), Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Eric Begin appeals from a judgment of the Superior Court (York County, *Perkins, J.*) affirming a judgment of the District Court (Biddeford, *MacNichol, J.*) in favor of defendants Mary Jane Risbara and Risbara Construction Co. Although we disagree with the District Court's interpretation of M.R.Civ.P. 26(f)(2), we conclude that the error is harmless because the evidence does not compel a finding in favor of Begin. Accordingly, we affirm the judgment.

Disregarding the procedural complexities preceding this appeal, we first address the question whether the District Court erred in its interpretation of M.R.Civ.P. 26(f)(2). At trial in this case, after the defendants had moved for judgment at the conclusion of the plaintiff's case pursuant to M.R. Civ.P. 50(d), the court permitted the plaintiff to reopen in order to present additional evidence. When the plaintiff learned that defendant Mary Jane Risbara was not present, he offered as evidence her answers to interrogatories. The court found that the plaintiff should have "reasonably anticipated" their use and sustained the defendants' objection that M.R.Civ.P. 26(f)(2) precluded admission of the interrogatories because they were not filed 7 days prior to trial. We disagree with the court's application of rule 26(f)(2).

■ Prior to 1985 discovery materials were filed with the court as they were generated. To relieve the court files of that burden, rule 26(f) was adopted to pre-

vent routine filing with the court. Rule 26(f)(2) provides for filing 7 days prior to any "reasonably anticipated" use of discovery materials. Neither rule 32 (depositions) nor rule 33 (interrogatories) require prior notice of their intended use, and they did not do so prior to 1985. We conclude, therefore, that the 7–day filing requirement of rule 26(f)(2) is for the convenience of the court and is not intended to be a notice provision. In the circumstances of this case, no prejudice from use of the interrogatories was even alleged by the defendants and no inconvenience to the court is apparent.

■ The error, however, is harmless because our review of the evidence, including the answers to interrogatories, establishes that the court was not compelled to find for the plaintiff. On a motion pursuant to M.R.Civ.P. 50(d) "[t]he court as trier of the facts may then determine them and render judgment against the plaintiff. . . ." In the court's ruling, it stated that, even with the interrogatories, there was insufficient evidence of negligence on the part of defendant, Mary Jane Risbara.

The entry is:

Judgment affirmed.

All concurring.